UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOMINIC ALAN DIMAIO,

        Plaintiff,

v.                                                       Case No. 3:18-cv-1093-J-39PDB

JUDGE ROBERT MALLORY FOSTER,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Dominic Alan Dimaio, an inmate of the Nassau County Detention Center, initiated this action on September 11, 2018, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names one Defendant, Judge Robert Mallory Foster, who is presiding over Plaintiff's state court criminal action.[1] In his Complaint, Plaintiff asserts that Judge Foster "intentionally and willfully deprived [him] of [his] right to be heard and be present during a pretrial conference." See Complaint at 4. Plaintiff also asserts that Judge Foster denied his motion to discharge his counsel and represent himself. Id. at 5. Plaintiff maintains that Judge Foster's alleged actions violated his due process rights and denied him access to the courts. Id. Plaintiff does not seek damages, but instead seeks injunctive relief,

---

[1] The Court takes judicial notice of Plaintiff's state court criminal action pending in the Fourth Judicial Circuit in and for Nassau County, Florida. See https://www.civitekflorida.com/ocrs/app/caseinformation.xhtml?query=VIpo5POhZ_hbpXKmrgsfke6Mh0BdDZXp3h6xx-Jzuis&from=partyCaseSummary, case number 17-370-CF (last visited October 15, 2018).

including a "court date where [he] can be present and allowed to speak without being interrupted." Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because Judge Foster is immune from suit. It is well settled that "a judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability." Dykes v. Hosemann, 776 F.2d 942, 943 (11th Cir. 1985) (per curiam). See also Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Even when a judge arguably acts in error, maliciously, or in excess of his authority, he will "not be deprived of immunity," Stump, 435 U.S. at 356, when he is "dealing with the plaintiff in his judicial capacity," Simmons, 86 F.3d at 1085.

Judicial immunity extends to claims for injunctive relief as well as to those for damages. See Redford v. Wright, 378 F. App'x 987, 987 (11th Cir. 2010) (per curiam) (citing Bolin, 225 F.3d at 1242) (recognizing that the Eleventh Circuit has "extended judicial immunity to cases seeking injunctive relief against the judge"). See also Lloyd v. Foster, 298 F. App'x 836, 840 (11th Cir. 2008) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (alteration in original). The Federal Courts Improvement Act of 1996 amended 42 U.S.C. § 1983 to provide that "'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or

omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable'." Bolin, 225 F.3d at 1242 (quoting Pub. L. No. 104-317, 110 Stat. 3847 (1996)).

Plaintiff sues Judge Foster for rulings Judge Foster made while presiding over Plaintiff's criminal case. Even if Plaintiff believes that Judge Foster's rulings were in error, judicial immunity bars his claims because Judge Foster was "dealing with the plaintiff in his judicial capacity." See Simmons, 86 F.3d at 1085. Plaintiff does not allege that Judge Foster acted in the absence of subject matter jurisdiction, but rather disagrees with Judge Foster's rulings and management of his case. Plaintiff's conclusory assertion that he has "no adequate way to remedy the issue of the court['s] . . . denial of [his] rights" is insufficient to overcome judicial immunity. Simply because Plaintiff may not be pleased with his efforts to seek relief from unfavorable state court rulings does not mean that an adequate remedy at law is not "available" to him.

An adequate remedy at law exists when the acts of the judicial officer are subject to review on appeal or by extraordinary writ. See id. Moreover, "[a] criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances." See Anderson v. Berger, No. 3:10-cv-921-J-99MMH-MCR, 2010 WL 5775400, at *2 (M.D. Fla. Oct. 20, 2010). To the extent Plaintiff complains about Judge Foster's rulings, such assertions should be addressed in state

3

court by filing appropriate and timely motions. For the above reasons, Judge Foster is entitled to judicial immunity, and the claims against him are subject to dismissal.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of October, 2018.

BRIAN J. DAVIS
United States District Judge

Jax-6
c: Dominic Alan Dimaio